## John K. Lord *v.* Benjamin Bishop.

[Same Case, 16 Vt. 110.]

If A. purchase goods professedly for B. and take a bill of sale of them to B., but in reality pay for them himself and the purchase is for his benefit, and subsequently A. sells the goods to C. and procures C. to execute a receipt, acknowledging that he had received the goods of B., and agreeing that they should remain the property of B. until paid for, an action of trover for *the goods may be maintained in the name of B.*, by one who subsequently becomes the holder of the receipt of C., against one who subsequently purchases the goods from C.,—payment not being made according to the terms of the receipt.

And where, in such case, an action of trover was commenced, by the holder of the receipt of C., in the name of the original nominal owner of the goods, against one who held the goods under C., and a witness was offered on the part of the plaintiff, who had been an intermediate owner of the receipt, and who had conveyed the same to the plaintiff in interest, as collateral security for a debt which the plaintiff in interest held against him, and, upon an objection being taken to the witness on the ground of interest, the bill of exceptions showed, that the plaintiff in interest executed a discharge, which was held by the county court sufficient to remove the interest of the witness, and which was acquiesced in by the defendant, and the discharge was not produced on the trial in this court, it was held, that this court would presume that the discharge executed was a release of the debt, for the security of which the conveyance of the receipt by the witness was made, and that the witness could not be held incompetent, by reason of its having been shown on his cross examination, and by other testimony, that a third person had in fact a claim upon the debt in favor of the plain-*tiff in interest against the witness, and that, upon the conveyance of the re-ceipt by the witness to the plaintiff in interest, it was agreed between such third person and the plaintiff in interest, that such third person should hold the receipt in lieu of his claim upon the other debt,—it not appearing that the witness was aware of this last agreement.*

Trover-for a quantity of chairs. Plea, the general issue, and trial by the court,—Bennett, J., presiding.

On trial the plaintiff gave evidence, to prove that the chairs in question were purchased by one Alanson Bugby of Nelson & Gates, in the name of the present plaintiff, and professedly for him, and that the bill of sale of the chairs, given by Nelson & Gates, was

made to the plaintiff, although it appeared, that the chairs were paid for by Bugby out of his own means, and that the purchase was substantially for his own benefit. The plaintiff also gave in evidence a bill of sale of the same chairs, with other furniture, from the plaintiff to one Anson Spelman, to which was attached a condition, that the property should belong to the plaintiff, until certain payments, provided for in the bill of sale, were fully made. It also appeared, that the chairs were transferred by Spelman to William Mann and William H. Mann, they undertaking to fulfil the condition of the bill of sale from the plaintiff to Spelman, and that the Manns sold them to the defendant; and the plaintiff proved that he demanded the chairs of the defendant, before this suit was commenced, and that the defendant refused to deliver them to him.

It appeared in evidence, that the chairs, when purchased of Nelson & Gates, passed immediately into the possession of Bugby, and that the plaintiff was then employed by the month as a bar keeper for Bugby, who was at the time keeping a public house in Burlington; and that the plaintiff had since stated, that he had no interest in the chairs, and that he had not authorized the commencement of this suit. The sale from Lord to Spelman was in fact made by Bugby, professedly in the name of Lord, and the bill of sale was taken by Bugby and retained by him, until it was subsequently assigned by him to Alonzo F. Saxton.

The plaintiff, to rebut evidence tending to show on the part of the defendant farther payments on the contract, than what were endorsed, offered Orson H. Saxton as a witness; to whose admission the defendant objected, on the ground of interest. To show an interest in the witness in the event of the suit, the defendant gave in evidence an assignment in writing, by the witness, to one D. K. Pangborn, of the contract between the plaintiff and Spelman, to apply, when collected, on a jail bond executed by the witness upon an execution in the name of Pangborn, and which was owned by Lyman E. Smith,—Pangborn having agreed to indemnify the witness against Smith's claim, to that amount. It was admitted that Pangborn was the plaintiff in interest in this suit, and prosecuting it for his own benefit. The court thereupon excluded the witness.

To remove the interest of the witness, the plaintiff then gave in evidence a release from Pangborn to the witness, which the court

Lord *v.* Bishop.

held was sufficient to remove such interest, and the witness then proceeded to testify to facts material for the plaintiff. Upon the cross examination of this witness by the defendant, and from the testimony of Charles D. Kasson, it appeared, that Pangborn had recovered a judgment against the witness, upon which execution had issued, and the witness had been committed to jail and had given a jail bond; and that one Lyman E. Smith held a debt against Pangborn, which he had left with Kasson, who was an attorney, to collect, with authority to manage as he should think best; and that it had been agreed between Kasson, as the attorney of Smith, and Pangborn, that Smith should have, on his debt against Pangborn, the avails of what should be collected at any time on the jail bond against Saxton; but there was no evidence, that the bond had been assigned to Smith, or that it had ever been taken from the jailor by Pangborn, or by Kasson, who acted also as the attorney of Pangborn, or that it had ever been broken; and it appeared, that, when the agreement was made between the witness Saxton and Pangborn, it was understood between Pangborn and the attorney of Smith, that the contract between the plaintiff, Lord, and Spelman, which had passed into the hands of Pangborn, should stand in the place of the jail bond, and that Smith should have no farther claim against Saxton upon the jail bond. Upon this proof the defendant again renewed his objection to the competency of Saxton as a witness, and moved the court to lay his testimony out of the case; but the court held that the plaintiff was entitled to the benefit of his testimony.

Judgment was rendered for the plaintiff. Exceptions by defendant.

*C. Adams* for defendant.

I. O. H. Saxton had a direct interest in the event of this suit, and therefore his testimony should have been excluded. He had purchased this receipt, or contract, of Bugby and assigned it to Pangborn, and with an agreement that this contract should stand in the place of the jail bond; and consequently, whatever was collected in this suit went to pay the jail bond *pro tanto.*

II. It appears that Lord admitted, that he had no interest in the chairs and had not authorized the commencement of this suit. We insist that this was conclusive upon the rights of Lord, and that the suit should not have been allowed to proceed.

III.   This action of trover cannot be  maintained  in the name of Lord.

1.   He  had  no special  interest in the property ;  for  the  chairs, when purchased, were delivered to Bugby, and remained in his possession, until they were sold by him.

2.   The facts show,  that the general title in the  property vested in Bugby.

3.   A purchase in the name of a stranger, without more, cannot vest title to property in such stranger.

4.   Lord could have maintained no action against Bugby  for the property.

5.   The creditors of Bugby  could have  attached  and held  the chairs as his property.

IV.   If Lord had no interest in the chairs before the  sale from Bugby to  Spelman, none was  vested in him by Bugby's  taking the receipt in the name of Lord.

*C. D. Kasson* and *D. A. Smalley* for plaintiff.

1.   The defendant, claiming  title under the plaintiff, and setting up no other title in himself, is estopped from  denying the plaintiff's title, or setting up one outstanding in third persons and  adverse to that of the plaintiff.   *Peaslee v. Barney*, 1 D. Ch. 332.   *Gifford* v. *Ford*, 5 Vt. 532.   *Steel* v. *Brown*, 1 Taunt. 381.   *Swift* v. *Mosely*, 10 Vt. 208.   *Duncan* v. *Spear*, 11 Wend. 54.

2.   The testimony of Saxton was properly admitted.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   We  have  no  doubt in  this case, as  to  the right of the plaintiff  to maintain this action.   The legal  interest in the chairs in question was in him.   Although  they  were purchased in the first instance by Bugbee, yet the bill of sale was taken to the plaintiff,  and  in his name.   It appears farther in the contract  with Spelman, under whom the defendant derives all his title to the chairs in question, that the right of the present plaintiff is recognized ;  indeed Spelman acknowledged to have received them of the plaintiff. The right, which Spelman received under this contract, he transferred to  the Manns, and  they transferred  the  same to Bishop.   The present plaintiff, therefore,  is the only one, who  could maintain this

action ; and it is immaterial to this defendant, whether the plaintiff paid any consideration for the property, or whether the creditors of Bugbee, if so disposed, could disregard the claim of the plaintiff.

The question, in regard to the interest of Saxton, occasioned more doubt at first ; and what would have been the result, if the discharge executed by Pangborn to Saxton had been produced, we cannot say. Confining ourselves to the bill of exceptions, as presented, we can see no error in admitting him as a witness. The beneficial interest in the contract appears to have been in the witness, and he assigned it to Pangborn, to apply, when collected, on a jail bond, which Pangborn held against Saxton, the witness ; and Pangborn brought this suit, in the name of Lord, for his own benefit. This interest appearing on the face of the contract, the witness was rejected. Thereupon Pangborn executed such a discharge, as, in the opinion of the county court, rendered the witness offered competent, and which discharged his interest. This adjudication of the court was acquiesced in ; so that the discharge must have had the effect to release the witness from his indebtedness on the jail bond.

Nothing was elicited from the cross examination of the witness, which showed any farther or different interest in the witness, than what appeared on the written contract between him and Pangborn. There was nothing in the transaction between Pangborn and the attorney of Smith, which precluded Pangborn from releasing and discharging the witness from his indebtedness on the jail bond. If, therefore, the release executed by Pangborn to the witness was sufficient to discharge any interest, which he had appearing on the contract, it was equally sufficient to discharge any interest apparent in him on his cross examination. The discharge, to render him competent on the first objection, must have been a discharge by Pangborn of the jail bond ; and if so, it discharged all interest whatever in the suit.

The judgment of the county court is affirmed.